UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY CONGDON, | ) | CASE NO.    1: 10 CV 2685 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| HELP FOUNDATION, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Defendants HELP Foundation, Inc. and Tamara Honkala's Motion for Summary Judgment (ECF #23).  Plaintiff filed an Opposition to the motion and no Reply has been timely filed by the Defendant.  (ECF #27).  The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendants' Motion should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Id.* at 250.  It is with these standards in mind that the instant Motions must be decided.

Defendants' Motion relies in part on the theory of judicial estoppel.  Defendants contend that Ms. Congdon should be estopped from proving that she can perform the essential functions of her prior job because she applied for and received Social Security disability benefits following her termination.  As set forth in the Plaintiff's Opposition, however, the United States Supreme Court held in *Cleveland v. Policy Management Systems Corp*., 526 U.S. 795, 119 S.Ct. 1597 (1999), that an ADA claim for wrongful termination and the receipt of Social Security disability benefits are not mutually exclusive, and "courts should [not] apply a special negative presumption" in an ADA case when the Plaintiff has also successfully applied for Social Security disability benefits.  *Id.* at 802-803.  Any apparent contradiction between statements made in the social security application and in the claims underlying an ADA lawsuit must be sufficiently explained, but they do not necessarily preclude Plaintiffs from offering proof as to whether they can perform the essential functions of the lost job either with or without reasonable accommodations.  *Id*. at 805; *accord Griffith v. Wal-Mart Stores, Inc*., 135 F.3d 376, 382 (6th Cir. 1998).   In this case, Ms. Congdon has presented evidence explaining the alleged contradictions, and this evidence is sufficient to create a genuine issue of material fact and to preclude summary judgment on this point.

Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that Ms. Congdon has established that she can provide evidence of a prima facie case of disability discrimination, and that there is at least some evidence to rebut the Defendants' alleged legitimate non-discriminatory reasons for her discharge.  Therefore, genuine issues of material fact exist which make summary judgment inappropriate in this case.  Accordingly, Defendants' Motion for Summary Judgment(ECF # 23)

is DENIED. This case shall proceed to jury trial at 8:30 a.m. on September 20, 2011.

    IT IS SO ORDERED.

                                      /s/ Donald C. Nugent
                                    DONALD C. NUGENT
                                    United States District Judge

DATED: August 2, 2011